UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

JAIME GENTRY, as Mother and Natural
Guardian of RG, a minor,

       Plaintiff,

vs.

Case No.

WYVERN HOSPITALITY LLC, a Florida
Limited Liability Company,

       Defendant.

_____/

## COMPLAINT
*(Injunctive Relief Demanded)*

Plaintiff, Jaime Gentry, as Mother and Natural Guardian of RG, a minor, and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, Wyvern Hospitality LLC, a Florida Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA").

1. Plaintiff, Jaime Gentry, and her son RG, a minor, reside in Parkland, Florida, in the County of Broward.

2. Defendant's property, Wyvern Hotel is located at 101 E. Retta Esplanade, Punta Gorda, FL 33950, in the County of Charlotte.

3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See also*, 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff, Jaime Gentry, as mother and natural guardian of RG, a minor, is a Florida resident, is sui juris. Her son, RG, is disabled as defined by the ADA. RG, born 2004, has a very complex medical history including multiple heart surgeries for hypoplastic left heart. He also has a history of chronic back pain and scoliosis related to this. It is medically necessary for him to have a scooter style wheelchair. RG cannot walk more than 30 feet without the use of a wheelchair.

6.      Jaime Gentry, along with her three (3) children, including RG, regularly goes to the West Coast of Florida from their home located in Parkland, FL. The Gentry's enjoy coming to the West Coast to relax, enjoy the beaches and the sunset, and to go to Busch Gardens in Tampa. Sometimes because of RG's health condition, they also stop in Punta Gorda, on their way to Busch Gardens.

7.      Plaintiff Jamie Gentry and her son, RG, were guests of the subject hotel on November 21 to 22, 2020. Plaintiff and her son, RG, would return to the subject hotel in the near future, when the hotel is made accessible for them to use.

8.      The ADA violations as set forth herein, have endangered RG's safety, and will in the future continue to endanger his safety, until the barriers are corrected.

9.      According to the public records of Charlotte County, the subject hotel was constructed on 2008, and the Defendant acquired same on September 15, 2016.

10.     Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR

36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.

11. The subject property, Wyvern Hotel, is operated by private entities whose operation affect commerce and are a public accommodation as defined by the ADA and its implementing regulations. *See*, 28 C.F.R. § 36.104.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Wyvern Hotel, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182, *et seq.*, as described in paragraph 15.

14. Title III prohibits the failure to design and construct hotels built for first occupancy after January 26, 1993, to be readily accessible to and useable by in individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. part 36, app A 42 U.S.C. § 12182(a)(1); 28 C.F.R. 36.401, 36.406(a).

Title III prohibits the failure to make alterations to hotels in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and useable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2); 28 C.F.R. §§ 36.402, 403, 36.406(a).

Structures that existed before January 26, 1992, or facilities that the present owner did not design or construct, and which have not been altered since that date, need not meet the same design and implementation standards as facilities build after January 26, 1993. In such cases, the ADA states that discrimination includes a private entity's "failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv) "Where removal is not readily achievable," failure of the entity to make goods, services and facilities "available through alternative methods if such methods are readily achievable," may constitute discrimination under the ADA. 42 U.S.C. § 12182 (b)(2)(A)(iv).

The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses." 42 U.S.C. §12181(9)

Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006)

The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

15. A preliminary inspection of the Wyvern Hotel has shown that violations exist. These violations that Plaintiff has personally encountered or observed include, but are not limited to:

### A. Accessible Routes

1. The accessible parking is located in the back of the building. To get to the front entrance, the Plaintiff has to transverse through a building, which is locked. The removal of the barrier is readily achievable as the cost is minimal to unlock the door.

2. The accessible route that leads to the back entrance has a vertical change in level greater than ¼ inch making it difficult for the Plaintiff to traverse, in violation of Section 303.2 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost to remedy the violation is minor compared to the benefit of removing the barrier, and the cost to remedy the barrier is minor compared to those set forth in 28 C.F.R. § 36.304.

3. The accessible route from the public street to the walkway has vertical change in level greater than ¼ inch making it difficult for the Plaintiff to traverse, in violation of Section 303.2 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost to remedy the violation is minor compared to the benefit of removing the barrier, and the cost to remedy the barrier is minor compared to those set forth in 28 C.F.R. § 36.304.

4. The sewer drain is parallel with the direction of travel making it difficult for the Plaintiff to traverse the accessible route, in violation of Section 302.3 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost to correct the direction of the sewer drain is minor and the benefit significant.

**B.** **Parking**

    1. There is no marked access aisle adjacent to the vehicle pull-up space of the passenger loading zone making it difficult for the Plaintiff to safely traverse to the lobby entrance, in violation of Sections 503.3 and 503.3.3 of the 2010 ADA Standards, whose resolution is readily achievable. The removal of the barrier is readily achievable as it is similar to a cited barrier as an example of readily achievable in 28 C.F.R. § 36.304(18) – Removal of barriers – creating designated parking spaces.

**C.** **Entrances**

    1. The main lobby entrance and the back entrance does not provide the International Symbol of Accessibility as required to let the Plaintiff know the entrance is accessible, in violation of Section 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as its cost is minimal to place a sign.

    2. The floor mats at the main lobby entrance and the back entrance are not secured to the floor as required making it difficult for the Plaintiff to traverse, in violation of Section 302.2 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as its cost is minimal to secure a floor mat.

**D.** **Downstairs Men's Public Restroom**

    1. The trash receptacle and baby changing table is obstructing the toilet's 60 inches of perpendicular clearance from the side wall making it difficult for the Plaintiff to utilize the toilet, in violation of Section 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as it is similar to a cited barrier as an example of readily achievable in 28 C.F.R. § 36.304(4) (Rearranging tables, chairs, vending machines, display racks, and other furniture). Furthermore, there is no cost to create a policy maintaining accessible features.

    2. The baby changing table operating mechanism exceeds the maximum height allowance above the finished floor making it difficult for the Plaintiff to utilize, in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost is minimal to lower the baby changing table.

3. The trash receptacle is obstructing the clear floor space for an approach to the paper towel dispenser making it difficult for the Plaintiff to utilize, in violation of Section 305.5 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as there is no cost to remove the trash receptacle and create a policy to maintain accessible elements.

4. The lavatory apron is obstructing the knee and toe clearance making it difficult for the Plaintiff to utilize in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost to correct the lavatory apron is minimal and the benefit is significant.

5. The lavatory and trash receptacle is obstructing the clear floor space for an approach to the soap dispenser making it difficult for the Plaintiff to use, in violation of Section 305.5 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of the barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing the barrier. The cost to remedy the barrier is minor compared to those set forth in 28 C.F.R. § 36.304(b)(1-21).

6. The trash receptacle obstructs the clear floor space for an approach to the lavatory making it difficult for the Plaintiff to utilize, in violation of Section 305.5 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of the trash can has no cost.

7. The Plaintiff had to use caution when utilizing the lavatory due to the drain pipe and water lines being exposed, in violation of Section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing the barrier, and the barrier is included in the list of those considered readily achievable. *See* 28 C.F.R. § 36.304(b)(14) – insulating lavatory pipes under sinks to prevent burns.

8. The mirror exceeds the maximum height allowance of 40 inches above the finished floor making it difficult for the Plaintiff to utilize, in violation of Section 603.3 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing the barrier, and the barrier is included in the list of those considered readily achievable. *See* 28 C.F.R. § 36.304(b)(14) – rearranging furniture.

7

E. **Upstairs Men's Public Restroom**

1. The trash receptacle is obstructing the clear floor space to the paper towel dispenser making it difficult for the Plaintiff to use, in violation of Section 305.5 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost to remedy the barrier is zero - remove the trash can.

2. The trash receptacle is obstructing the toilets 60 inches of perpendicular from the side wall making it difficult for the Plaintiff to utilize, in violation of Section 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost to remedy the barrier is zero - remove the trash can.

F. **Pool Area**

1. The handrail gripping surface is obstructed by the sign making it difficult for the Plaintiff to use the handrail, in violation of Section 505.6 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost to remove the barrier is minor. The facility should have a policy of maintaining the accessible elements as required by 28 C.F.R. § 36.211, and removing the sign where it interferes with accessible elements.

2. The sign is obstructing the pull door's 18 inches of latch side clearance making it difficult for the Plaintiff to operate, in violation of Section 404.2.4 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost is minor and the benefit is substantial. The facility needs to institute policies to maintain accessible elements, and remove the sign from obstructing essential accessible elements.

3. The door to the pool has a damaged threshold that has a vertical change in level greater than ½ inch making it difficult for the Plaintiff to traverse, in violation of Section 404.2.5 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost is minor and the benefit is substantial, and the cost of remedying the barriers are minor as set for the in 28 C.F.R. § 36.304(b)(1-12).

4. The bar counter by the pool exceeds the maximum height allowance of 34 inches above the finished floor making it difficult for the Plaintiff to use, in violation of Section 902.3 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of the barrier is readily achievable as the cost is minor and the benefit is substantial, and the cost of remedying the barriers are minor compared to those set forth in 28 C.F.R. § 36.304(b)(1-12).

G. **Guest Room 403**

1. The guestroom signage does not provide the International Symbol of Accessibility as required, in violation of Section 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost of required signage is minimal.

2. The pull door does not provide 18 inches of latch side clearance as required making it difficult for the Plaintiff to operate the door, in violation of Section 404.2.4 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable. The removal of this barrier by installing an automatic door opener or otherwise providing compliant latch side clearance is minor compared to the benefits of removing the barrier.

3. The thermostat exceeds the maximum height allowance of 48 inches above the finished floor making it difficult for the Plaintiff to use, in violation of Sections 308.2.1 and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost to remedy the violation is minor compared to the benefit of removing the barrier is included in the list of those considered readily achievable. *See* 28 C.F.R. § 36.304(b)(1-21).

4. The chair is obstructing the clear floor space for an approach to the lamp making it difficult for the Plaintiff to use the lamp, in violation of Section 305.5 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as it is cited as an example of readily achievable in 28 C.F.R. § 36.304(b)(4) – Rearranging tables, chairs, vending machines, display racks, and other furniture. The facility also needs to institute policies to maintain its accessible features.

5. The night stand is obstructing the closet doors 48 inches of maneuvering clearance from the latch side approach making it difficult for the Plaintiff to operate the door in violation of Section 404.2.4 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as it is cited as an example of readily achievable in 28 C.F.R. § 36.304(b)(4) – Rearranging tables, chairs, vending machines. The facility also needs to institute policies to maintain its accessible elements.

6. The closet rod and shelf exceeds the maximum height allowance of 48 inches above the finished floor making it difficult for the Plaintiff to use, in violation of Sections 308.2.1, 309.3, and 603.4 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as it is cited as an example of readily achievable in 28 C.F.R. § 36.304(b)(3) – Repositioning shelves.

7. The coat hook exceeds the maximum height allowance of 48 inches above the finished floor making it difficult for the Plaintiff to use, in violation of Sections 308.2.1, 309.3, and 603.4 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as it is cited as an example of readily achievable in 28 C.F.R. § 36.304(b)(4) – Repositioning display racks and other furniture.

8. The toilet paper dispenser is not in the compliant location of a minimum 7 inches and maximum 9 inches from the front of the toilet to the center line of the toilet paper as required making it difficult for the Plaintiff to utilize, in violation of Section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of the barrier is readily achievable as the cost to place the toilet paper dispenser is minimal compared to the benefit of compliance.

9. The shower does not provide a shower spray unit with an on/off control with a non-positive shut-off as required making it difficult for the Plaintiff to utilize, in violation of Section 608.6 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost to provide the required shower spray unit is minor compared to its benefit.

    10.    The fixed position of the hand-held shower spray unit exceeds the maximum height of 48 inches above the floor making it difficult for the Plaintiff to reach in violation of Sections 309.3 and 608.5.2 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of the barrier is readily achievable as the cost to lower the fixed position of the hand-held shower spray unit is minor compared to its benefit.

    11.    The standard roll-in type shower does not provide a folding seat as required making it difficult for the Plaintiff to utilize the shower, in violation of Section 608.4 in the 2010 ADA Standards, whose resolution is readily achievable.

    12.    The curtain rod requires tight grasping and pinching of the wrist making it difficult for the Plaintiff to operate, in violation of Section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost to provide compliant curtain rods is minor and the barrier is included in the list of those considered readily achievable. *See* 28 C.F.R. § 36.104(b).

### H. Number and Dispursement of Guest Rooms

    1.    The subject hotel lacks the required number of compliant disabled rooms and the compliant disabled rooms are not dispersed amongst the various classes of guest rooms, in violation of Section 224.5 of the 2010 ADAAG.

### I. Maintenance

    1.    The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 C.F.R. § 36.211.

16. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

17. The discriminatory violations described in paragraph 15 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other

individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly-situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

18. Defendant has discriminated against the individual by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. 36.302 *et seq.* Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205, and 28 C.F.R. 36.505.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Wyvern Hotel to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. Require the Defendant to maintain its accessible features on an ongoing basis, as required by law.

D. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

E. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

*[signature]*

John P. Fuller, Esq.
Fla. Bar No. 0276847
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone (305) 891-5199
Facsimile (305) 893-9505
jpf@fullerfuller.com

*Attorneys for Plaintiff*